Robert S. Fisher v. Commissioner.
Fisher v. Commissioner
Docket No. 4055-69 SC.
United States Tax Court
T.C. Memo 1970-255; 1970 Tax Ct. Memo LEXIS 106; 29 T.C.M. (CCH) 1135; T.C.M. (RIA) 70255; September 1, 1970, Filed Robert S. Fisher, pro se, 2942 Margaret Mitchell Ct., N.W., Atlanta, Ga.Shuford A. Tucker, Jr., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the income tax of petitioner for the taxable year 1966 in the amount of $506.20. The sole issue to be decided is whether respondent has erred in disallowing as alimony certain monthly payments made by petitioner during that year upon a purchase-money mortgage and note securing his indebtedness upon a house and lot while he and his wife were separated and she had the exclusive use and occupancy thereof. Findings of Fact The stipulated facts are found as agreed by the parties. Petitioner, at the time of filing the petition *107 herein, was a resident of the State of Georgia. He filed his 1966 income tax return with the district director of internal revenue at Atlanta, Georgia. On February 5, 1959, petitioner obtained sole title to the premises (house and lot) located in Atlanta, Georgia, which were thereafter occupied as their home by petitioner and his then wife Josephine. On the same date, a "Deed to Secure Debt" supported by a promissory note was executed by petitioner and delivered to the Atlanta Postal Credit Union. The obligation thus secured was in the amount of $20,500. Principal payments, here claimed by petitioner as alimony paid to his wife, were in the monthly amount of $114, totalling $1,368 for 1966. In October of 1964, petitioner and Josephine had been separated with Josephine continuing to live in the premises referred to above. On that date, petitioner filed a complaint in the DeKalb County Superior Court at Decatur, Georgia, seeking a divorce from Josephine. In April of 1965, petitioner informed Josephine that she would have to make the monthly mortgage payments on the premises since she had the sole and exclusive occupancy and use thereof. She thereupon made application to the divorce *108 court for temporary alimony and on May 17, 1965, that court ordered: That the plaintiff shall pay the note and loan deed with Atlanta Postal Credit Union, a corporation, according to the terms of said note and loan deed and shall make the payments promptly as required by the said note and loan deed and shall not let the payments become delinquent or in arrears. Said payments are presently in the approximate monthly installments of $170.00 per month. The aforesaid note and loan deed is a loan against the property known as 2523 Echo Drive, N.E., DeKalb County, Georgia. Defendant shall have the use of said property. Petitioner continued to make the mortgage payments monthly during 1966. On May 5, 1967, petitioner and Josephine entered into an agreement relative to their prospective divorce in which petitioner agreed to quitclaim to Josephine all of his interest in the involved premises and that the terms of the agreement were to be 1136 incorporated into any final decree of divorce issued by any court. On May 10, 1967, such a decree was issued. Opinion This issue is not novel and has been passed upon in James Parks Bradley, 30 T.C. 701, a case so factually close *109 to this that it is controlling. Petitioner did not make the monthly mortgage payments herein because of any court order. He made them because he was personally obligated to do so by his execution of the "Deed to Secure Debt" of February 5, 1959, and the promissory note in support thereof. The court order of May 17, 1965, merely required him not to default thereon. Until the final decree of divorce of May 10, 1967, petitioner was the sole owner of the involved property and any payments thereon served to increase his equity therein. Such payments were therefore not periodic payments made by petitioner to his wife for her support and maintenance under section 71(a)(3), I.R.C. 1954, and thus not deductible by him under section 215(a) thereof. Decision will be entered for the respondent.